IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02920-GPG

PAUL MOREHEAD,

    Applicant,

v.

THE DOUGLAS COUNTY, COLORADO, COUNTY COURT, and
JOHN SUTHERS, Attorney General, State of Colorado,

    Respondents.

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

    Applicant has filed, through counsel, an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1). Applicant is challenging the validity of his conviction in Douglas County, Colorado, County Court case number 11T4296. He asserts one claim for relief contending he "was convicted in violation of his right to due process of law under the Fifth and Fourteenth Amendments to the Constitution of the United States by the knowing use of perjured testimony and the suppression of evidence which would have revealed the perjury to the jury." (ECF No. 1 at 6 (capitalization altered).)

    On October 28, 2014, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On November 18, 2014, Respondents filed their Pre-Answer Response

(ECF No. 8) arguing that Applicant's claim is unexhausted and procedurally defaulted. On December 9, 2014, Applicant filed Applicant's Reply to Pre-Answer Response (ECF No. 9).

Although it is clear that Applicant's due process claim relates to the trial testimony of Cynthia Burbach, he fails to make clear in either the application or his reply to the Pre-Answer Response the specific testimony that allegedly was perjurious. Applicant also fails to identify in a clear manner the specific evidence that allegedly was suppressed that would have revealed the perjury to the jury.  As a result, the court is unable to determine whether Applicant has exhausted state remedies for the specific due process claim he is asserting.

Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, Applicant must identify the specific federal constitutional right allegedly violated and he must provide specific factual allegations in support of each asserted claim.  These habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading.  See *Mayle v. Felix*, 545 U.S. 644, 655 (2005).  "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Id.* at 656 (quoting 28 U.S.C. § 2243).  Naked allegations of constitutional violations are not cognizable in a habeas corpus action.  See *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).  Accordingly, it is

ORDERED that, **within twenty-eight (28) days from the date of this order**, Applicant file an amended application that clarifies the federal constitutional claim he is

asserting.

DATED February 6, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

United States Magistrate Judge