IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-02920-PAB

PAUL MOREHEAD,

    Applicant,

v.

THE DOUGLAS COUNTY, COLORADO, COUNTY COURT and
CYNTHIA H. COFFMAN, Attorney General, State of Colorado,

    Respondents.

## ORDER TO DISMISS IN PART AND FOR ANSWER

Applicant, Paul Morehead, has filed through counsel an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Docket No. 11]. Mr. Morehead is challenging the validity of his conviction in the County Court for Douglas County, Colorado, case number 11T4296. On March 6, 2015, Magistrate Judge Gordon P. Gallagher ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On March 27, 2015, Respondents filed their Pre-Answer Response [Docket No. 14] to the amended application. On April 14, 2015, Mr. Morehead filed a Reply [Docket No. 15] to the Pre-Answer Response to the amended application. For the reasons stated below, the Court will dismiss the action in part.

## I. BACKGROUND

A jury convicted Mr. Morehead of driving while ability impaired, and the court sentenced him to serve ten months in jail with an additional 365 days stayed upon condition of successful completion of supervised probation. The Douglas County District Court affirmed the judgment of conviction on appeal. *See* Docket No. 8-4. On October 14, 2014, the Colorado Supreme Court denied Mr. Morehead's petition for writ of certiorari. *See* Docket No. 8-10.

Mr. Morehead asserts one claim for relief contending he "was convicted in violation of his right to due process of law under the Fifth and Fourteenth Amendments to the Constitution of the Un[it]ed States by the knowing use of perjured testimony and the suppression of evidence which would have revealed the perjury to the jury." Docket No. 11 at 4 (capitalization altered). This claim has two distinct parts, actual perjury and suppressed evidence. The testimony that allegedly was perjured was provided by Cynthia Burbach, then the Director of the Colorado Department of Public Health and Environment's Forensic Toxicology Laboratory, who testified at Mr. Morehead's trial regarding the blood alcohol testing. Mr. Morehead alleges that "Burbach gave materially false testimony about her laboratory's suspension and about the laboratory's failure of an American Board of Forensic Toxicologist's Accreditation Inspection." Docket No. 11 at 9. The evidence Mr. Morehead contends was suppressed relates to Ms. Burbach's academic credentials and allegedly would have shown Ms. Burbach knew she had misrepresented her academic credentials in testimony in prior cases. According to Mr. Morehead, "[d]efense attempts to subpoena material to establish that Cynthia Burbach was a serial perjurer who was at liberty because of a tacit

understanding that she would not be prosecuted for her past perjuries so long as she continued to be useful to the prosecution, were met with a court order quashing the subpoena." Docket No. 11 at 5. Mr. Morehead does not contend that Ms. Burbach perjured herself with respect to her academic credentials at his trial. Instead, he contends "a serial perjurer was permitted to testify as to the presence of alcohol in intoxicating levels in the Applicant's blood and Applicant was denied the opportunity to confront the witness with her history of perjury and her alignment with the prosecution." Docket No. 11 at 9.

## II. ONE-YEAR LIMITATION PERIOD

Respondents concede that this action is not barred by the one-year limitation period in 28 U.S.C. § 2244(d).

## III. EXHAUSTION OF STATE REMEDIES

Respondents contend both portions of the due process claim Mr. Morehead asserts in the amended application are unexhausted and procedurally defaulted.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the

federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing he has exhausted all available state remedies for each particular claim. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). A blanket statement that state remedies have been exhausted does not satisfy this burden. *See Olson v. McKune*, 9 F.3d 95 (10th Cir. 1993); *see also Fuller v. Baird*, 306 F. App'x 430, 431 n.3 (10th Cir. 2009) (stating that a bald assertion unsupported by court records is insufficient to demonstrate state remedies are exhausted).

Respondents argue that the actual perjury portion of Mr. Morehead's due process claim is unexhausted because he did not raise any claim of actual perjury on appeal to the Douglas County District Court. Respondents concede that Mr. Morehead raised the actual perjury argument in his petition for writ of certiorari to the Colorado Supreme Court. However, Respondents contend that raising the argument for the first time in a petition for writ of certiorari does not satisfy the fair presentation requirement.

Respondents argue that the suppressed evidence portion of Mr. Morehead's due process claim is unexhausted because:

> [t]he thrust of the Applicant's argument to the intermediate court was that the County Court allegedly failed to conduct an *in camera* review of the subpoenaed documents under state case law, and not that the County Court failed to provide information to the defense that was required to be disclosed because it was "materially favorable" under *Brady v. Maryland*, 373 U.S. 83 (1963).

Docket No. 14 at 12. Respondents concede that Mr. Morehead raised a *Brady* claim in his petition for writ of certiorari to the Colorado Supreme Court. However, Respondents contend "[t]he Applicant's failure to present a *Brady* claim to the District Court as a constitutional issue, as opposed to an abuse of discretion *in camera* review issue, and his attempts to re-formulate it as a constitutional issue before the Colorado Supreme Court, does not satisfy the fair presentation requirement." *Id.* at 14.

Mr. Morehead raised the following three claims in his opening brief on direct appeal to the Douglas County District Court:

1. The trial court improperly denied Defendant's motion for discovery, when the requested materials were exculpatory and relevant to the reliability of Defendant's blood test results.

    2.      The trial court failed to conduct an in camera review of the records sought in Defendant's subpoena, and the court improperly quashed the subpoena.

    3.      The trial court violated Defendant's right of confrontation when it allowed the People to introduce testimonial statements without the witness who made the testimonial statements.

Docket No. 8-1 at 2. Although Mr. Morehead raised his first claim on direct appeal at least in part as a *Brady* claim, the factual basis for Mr. Morehead's first claim in his opening brief is not related to the factual basis for the suppressed evidence portion of his due process claim in the amended application. As Mr. Morehead explained in his direct appeal, the discovery motion at issue in his first claim, which "was filed in response to a situation in which the Colorado Department of Public Health and Environment . . . had to re-test approximately 1,700 blood samples that an analyst, Mitchell Fox-Rivera, tested for the presence of alcohol," requested "various materials relating to the matter, including any records of corrective actions, performance reviews, and correspondence about the problem." *Id.* at 5. In contrast, the suppressed evidence portion of Mr. Morehead's due process claim in this action involves records relevant to Ms. Burbach's academic credentials. The records regarding Ms. Burbach's academic credentials were addressed by Mr. Morehead on direct appeal only in the context of his second claim, which challenged the trial court's failure to conduct an in camera review prior to quashing a defense subpoena requesting those records. Therefore, only Mr. Morehead's second claim in his opening brief is relevant to the question of whether he has exhausted state remedies for the suppressed evidence portion of the due process claim he raises in the amended application.

Respondents are correct that Mr. Morehead did not include in his opening brief any mention of the actual perjury portion of the due process claim he raises in the amended application. That is, Mr. Morehead did not raise in his opening brief on direct appeal a claim that "Burbach gave materially false testimony about her laboratory's suspension and about the laboratory's failure of an American Board of Forensic Toxicologist's Accreditation Inspection." Docket No. 11 at 9. Mr. Morehead did include this allegation in his petition for writ of certiorari. *See* Docket No. 8-7 at 8. However, inclusion of this allegation for the first time in a petition for writ of certiorari does not demonstrate the perjured testimony portion of his due process claim was fairly presented to the highest state court. In Colorado, state appellate courts do not review issues that were not raised in the lower courts. *See People v. Salazar*, 964 P.2d 502, 507 (Colo. 1998) ("It is axiomatic that issues not raised in or decided by a lower court will not be addressed for the first time on appeal.") As a result, the perjured testimony portion of Mr. Morehead's due process claim is not exhausted.

With respect to the suppressed evidence portion of the due process claim in the amended application, Mr. Morehead did not explicitly identify the second claim in his opening brief on direct appeal as a federal constitutional claim. However, his argument in support of the second claim in his opening brief referenced the due process requirements under *Brady* as well as the "Due Process Clause." Docket No. 8-1 at 15. Mr. Morehead also argued that "the trial court was required to provide the defense with any materials that were 'materially favorable' to the defense." *Id.* at 17. Therefore, the Court concludes that the suppressed evidence portion of Mr. Morehead's due process claim in the amended application was fairly presented to the Douglas County District

Court as a federal constitutional claim. Because Respondents concede that Mr. Morehead raised the suppressed evidence portion of the due process claim in his petition for writ of certiorari to the Colorado Supreme Court, the Court finds that the claim is exhausted.

## IV. PROCEDURAL DEFAULT

Although Mr. Morehead has not fairly presented the actual perjury portion of his due process claim to the state courts, the Court may not dismiss the actual perjury claim for failure to exhaust state remedies if Mr. Morehead no longer has an adequate and effective state remedy available to him. *See Castille*, 489 U.S. at 351. Respondents contend, and the Court agrees, that Mr. Morehead no longer has an adequate and effective state remedy available to him and that the actual perjury portion of his due process claim is procedurally defaulted because Rule 35(c)(3)(VII) of the Colorado Rules of Criminal Procedure provides, with limited exceptions not applicable to Mr. Morehead, that the state courts must dismiss any claim that could have been presented in a prior appeal or postconviction proceeding. Thus, it is clear that Mr. Morehead may not return to state court to pursue the actual perjury portion of his due process claim.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Even if an unexhausted claim has not actually been raised and rejected by the state courts, the claim still is subject to an anticipatory procedural default if it is clear that the claim

would be rejected because of an independent and adequate state procedural rule. *See Coleman*, 501 U.S. at 735 n.1. Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See id.* at 730.

"A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision." *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998). A state procedural ground is adequate if it is "applied evenhandedly in the vast majority of cases." *Id.*

Mr. Morehead fails to demonstrate or even argue that Rule 35(c)(3)(VII) is not independent and adequate. In any event, the Court finds that Rule 35(c)(3)(VII) is independent because it relies on state rather than federal law. The rule also is adequate because it is applied evenhandedly by Colorado courts. *See, e.g., People v. Vondra*, 240 P.3d 493, 494-95 (Colo. App. 2010) (applying Crim P. Rule 35(c)(3)(VII) to reject claims that could have been raised in a prior proceeding). Therefore, the actual perjury portion of the due process claim is procedurally defaulted and cannot be considered unless Mr. Morehead demonstrates either cause and prejudice or a fundamental miscarriage of justice.

To demonstrate cause for his procedural default, Mr. Morehead must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]." *McCleskey v. Zant*, 499

9

U.S. 467, 493-94 (1991) (internal quotation marks omitted).  If Mr. Morehead can demonstrate cause, he also must show "actual prejudice as a result of the alleged violation of federal law."  *Coleman*, 501 U.S. at 750.  A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  *Murray*, 477 U.S. at 496.

Mr. Morehead makes no attempt to demonstrate cause and prejudice with respect to his defaulted due process claim and he fails to demonstrate that a failure to consider the claim will result in a fundamental miscarriage of justice.  Therefore, the actual perjury portion of his due process claim is procedurally barred and must be dismissed for that reason.

## V.  CONCLUSION

In summary, Respondents do not raise the one-year limitation period as an affirmative defense.  The Court rejects Respondents' argument that the suppressed evidence portion of his due process claim is unexhausted.  However, the actual perjury portion of the due process claim will be dismissed as unexhausted and procedurally barred.  Accordingly, it is

**ORDERED** that the actual perjury portion of the due process claim in the amended application [Docket No. 11] is DISMISSED because the claim is unexhausted and procedurally barred.  It is further

**ORDERED** that within thirty days Respondents are directed to file an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of the remaining claim.  It is further

**ORDERED** that within thirty days of the filing of the answer Applicant may file a reply, if he desires.

DATED April 27, 2015.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge