IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-02920-PAB

PAUL MOREHEAD,

    Applicant,

v.

THE DOUGLAS COUNTY, COLORADO, COUNTY COURT, and
CYNTHIA H. COFFMAN, Attorney General, State of Colorado,

    Respondents.

## ORDER

    This matter is before the Court on "Applicant's Motion for Reconsideration Pursuant to Rule 59(1)(b), Federal Rules of Civil Procedure, of Court's Order On Application For Writ Of Habeas Corpus" [Docket No. 36].  The motion will be denied.

    The Court construes the motion for reconsideration as a motion to alter or amend a judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure because the motion was filed within twenty-eight days after the Final Judgment [Docket No. 35] was entered in this action.  *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  The purpose of a Rule 59(e) motion is "to correct manifest errors of law or to present newly discovered evidence."  *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted).  "Grounds for granting a Rule 59(e) motion include '(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'"  *Somerlott v. Cherokee Nation Distributors, Inc.*, 686 F.3d 1144, 1153 (10th

Cir. 2012) (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

Applicant asks the Court to reconsider the Court's Order on Application for Writ of Habeas Corpus [Docket No. 34]. In that order, the Court addressed the merits of the claim that Applicant's constitutional right to due process was violated because the state suppressed evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 87 (1963). The Court determined Applicant was not entitled to habeas corpus relief with respect to the suppressed evidence claim pursuant to the deferential standards of 28 U.S.C. § 2254(d) because the state court's conclusion that the evidence in question was not material is not contrary to, or an unreasonable application of, clearly established federal law.

In the motion to reconsider, Applicant contends that the Court misapplied clearly established federal law, apparently because the Court did not address the claim as a Sixth Amendment Confrontation Clause claim. However, Applicant did not raise a Sixth Amendment claim in the amended habeas corpus application. Therefore, upon consideration of the motion to reconsider and the entire file, the Court finds that Applicant fails to demonstrate any reason why the Court should reconsider and vacate the order dismissing this action. Accordingly, it is

**ORDERED** that Applicant's Motion for Reconsideration Pursuant to Rule 59(1)(b), Federal Rules of Civil Procedure, of Court's Order On Application For Writ Of Habeas Corpus [Docket No. 36] is denied.

DATED December 3, 2015.

          BY THE COURT:

          s/Philip A. Brimmer
          PHILIP A. BRIMMER
          United States District Judge